UNITED STATES of America, Plaintiff,

v.

Steven J. VEST (01), Mark R. Vest (03), and James K. Vest (04), Defendants.

No. 94–00037–CR–W–8.

United States District Court,
W.D. Missouri,
Western Division.

Nov. 14, 1995.

Paul S. Becker; Charles E. Ambrose; Patrick A. McInerney; Assistant U.S. Attorneys, Kansas City, MO, for plaintiff.

John P. O'Connor, Niewald, Waldeck & Brown, P.C., Kansas City, MO, Patrick W. Peters, Kansas City, MO, for Steven J. Vest.

Jay D. DeHardt, Boland, McQuain, Block, DeHardt & Rosenbloom, Kansas City, MO, John R. Osgood, Midland Bank Bldg., Lee's Summit, MO, for Mark R. Vest.

Ronda R. Reems, Thomas E. Hankins, P.C., Gladstone, MO, William E. Shull, William Adkins Law Firm, Liberty, MO, for James K. Vest.

## ORDER

STEVENS, District Judge.

This drug trafficking case, in which the government seeks the death penalty against three defendants, is before the Court on the government's motion for an order directing the defendants to state whether they intend to introduce mental health testimony, and, if any defendant intends to introduce such testimony, directing that defendant to submit to an examination by a mental health expert or experts chosen by the government.[1] The government has also moved to file a substitute page in the aforementioned motion.[2]

The government seeks immediate access to only the diagnostic results of the mental health examination, not the specific information relied on by any mental health expert to reach his or her conclusions. The government requests that the full examination reports be made available immediately after the guilt phase of trial is completed. Such a procedure, the government argues, will provide both sides with a full and fair opportunity to litigate critical issues, and will prevent unnecessary delays between the guilt and penalty phases of trial.

Defendants contend that such a requirement is not authorized by statute, and that it fails to safeguard adequately defendants' rights under the Fifth, Sixth, and Eighth Amendments to the Constitution.

For the reasons outlined below, this Court grants, in large part, the government's motion. Defendants shall be required to file notice of intent to introduce mental health testimony at any phase of trial and any defendant intending to introduce such testimony shall be examined by a mental health professional selected by the government. The Court will impose the necessary safeguards to preserve defendants' Constitutional rights.

## Discussion

The primary question before the Court is whether a defendant wishing to introduce mental health testimony bearing on the determination of an appropriate penalty, rather than on the issue of guilt, may be subjected to a Court-ordered examination. The Federal Rules of Criminal Procedure provide explicit authority through which a Court may, in certain circumstances, allow the government to assess a defendant's mental state. Fed.R.Crim.P. 12.2(b) requires a defendant to provide notice to the government of his intent to introduce mental health evidence "bearing upon the issue of guilt." Fed.R.Crim.P. 12.2(c) authorizes the Court to require a defendant to undergo an examination to assess his competency to stand trial or his mental competency at the time the criminal acts were allegedly committed. Fed.R.Crim.P. 12.2(d) authorizes the Court to exclude testimony addressing a defendant's mental health if the defendant fails to comply with a Court-ordered examination.

As defendants correctly point out, the Federal Rules do not provide explicit authority for a Court-ordered examination when a defendant places his mental health at issue only in the penalty phase. Although Fed.R.Crim.P. 12.2(b), by its strict terms, applies only to the guilt phase of trial, employing a similar process for the penalty phase would serve the dual purposes of promoting efficient and fair resolution of the issues at hand while preserving the defendants' Constitutional rights.

The Court finds in 21 U.S.C. sec. 848(j) statutory authority for a Court-ordered examination regarding mental health issues a defendant plans to introduce during the penalty phase. Section 848(j) of 21 U.S.C. allows a defendant facing the death penalty to present information tending to establish mitigating factors, information which might militate against imposition of capital punishment. Mitigating factors delin-

---

1. The government filed a motion asking the Court to set a deadline for filing of defendants' notice of intent to introduce expert testimony on mental health issues, and for an order compelling defendants to submit to examination by government's expert upon receipt of such notice (doc. 1388, filed 8/8/95). Related pleadings include the defendants' suggestions in opposition (doc. 1452, filed 9/20/95), the government's reply (doc. 1459, filed 9/28/95) and a supplement to its reply (doc. 1472, filed 10/4/95).

2. Doc. 1393, filed 8/9/95.

eated by statute include the defendant's impaired capacity to appreciate the wrongfulness of his actions or to conform to the law, the defendant's youth, the minimal nature of the defendant's role in the crime, and duress affecting the defendant. 21 U.S.C. sec. 848(m). The scope of mitigation testimony that a defendant may present in a death penalty case is broad, and in accordance with the Eighth Amendment, cannot be curtailed. *Lockett v. Ohio,* 438 U.S. 586, 604–05, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978). "[I]n all but the rarest kind of capital case, [the sentencer may not] be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Lockett,* 438 U.S. at 604, 98 S.Ct. at 2964.

█ The statute addressing mitigating factors also states that the "government shall be permitted to rebut any information received at the hearing and shall be given a fair opportunity to present argument as to the adequacy of the information...." 21 U.S.C. sec. 848(j). At the very minimum, the government must have access to the reports prepared by a defendant's mental health experts in order to review the appropriateness of those experts' conclusions. However, unless a government-selected mental health expert is permitted to examine defendant, the provision authorizing rebuttal is rendered meaningless.

Requiring a defendant to undergo to a psychiatric examination may, in some circumstances, infringe on a defendant's rights under the Fifth and Sixth Amendments. In *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), the Supreme Court held that the government cannot introduce psychiatric testimony in the penalty phase if the defendant was subjected to the mental health examination without waiving his right to counsel, and without being given the Miranda warnings. *Smith,* 451 U.S. at 462, 101 S.Ct. at 1872. The *Smith* defendant did not introduce any psychiatric evidence at trial, nor had he expressed an intention to do so. Nonetheless, the trial court ordered him to undergo a mental health examination, and the state presented information garnered from that examination to persuade the jury to impose a death sentence. *Id.* at 466, 101 S.Ct. at 1874. The Supreme Court affirmed the the Court of Appeals' endorsement of the district court's decision to issue a writ of habeas corpus. *Smith.* In the case before us, the Court will not order an examination unless a defendant *first* indicates that he plans to introduce mental health testimony, thus preventing the Fifth and Sixth Amendment implications contemplated by *Smith.*

Defendants may, in any and all circumstances, exercise their Constitutionally-guaranteed rights. However, exercise of these rights does not provide an unrestrained free for all for death penalty defendants. If a defendant elects, with the advice of counsel, to put his mental status into issue in the penalty phase, then he has waived his right to refrain from self-incrimination arising from a mental health examination, and there is no Fifth Amendment implication. If a defendant elects to present mitigation testimony addressing his mental status, then the government is free to rebut such testimony. Unless the government is allowed to conduct its own mental health examination, it may be deprived "of the only effective means it has of controverting ... proof on an issue that [defendant has chosen to] interject[ ] into the case." *Smith,* 451 U.S. at 465, 101 S.Ct. at 1874.

Even though "death is different," *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), the consequence of any "difference" between death penalty cases and other cases is that "a greater degree of reliability [is required] when the death sentence is imposed." *Lockett v. Ohio,* 438 U.S. 586, 604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978). Clearly, affording the government equal access to critical mental health information enhances the ultimate reliability of the sentence.

The Court will, of course, provide defendants with sufficient Constitutional protection Examinations will be ordered and results will be disclosed if, and only if, a defendant chooses to introduce evidence or other testimony relating to issues of his mental health.

Parties are also reminded that item 11 of the omnibus hearing report[3] requires each defendant to permit the government to inspect and copy the results or reports of any mental or physical examination which the defense intends to introduce as evidence-in-chief at trial, or which were prepared by a witness whom the defense intends to call at trial. This requirement applies to evidence to be introduced during the guilt and the penalty phases of trial.

Accordingly,

(1) As a preliminary matter, plaintiff's motion to file a substitute page (doc. 1393) is GRANTED.

(2) Plaintiffs motion for notice of mental health evidence and examination (doc. 1399) is GRANTED IN PART.

(a) Notice: Defendants shall specify no later than November 21, 1995, whether they intend to introduce mental health evidence at any stage of trial. If any defendant wishes to introduce mental health testimony at the guilt phase, he must file notice with the Court and provide notice to the government, in accordance with Fed.R.Crim.P. 12.2(b). If any defendant wishes to introduce mental health testimony at the penalty phase, he must file such notice with the Court and provide notice to the government. Notice shall include the name and professional qualifications of any mental health professional who may be testifying or whose examination may be referred to in testimony, and a brief description of the professional's diagnostic conclusions.

(b) Examination: If any defendant indicates that he wishes to introduce mental health testimony at the penalty phase, that defendant shall be examined by a psychiatrist or other mental health professional selected by the government.

(c) Filing of results with the Court: Results of any Court-ordered examination or examination initiated by the defendants shall

be filed under seal with the Court prior to commencement of trial.

(d) Release of results: The results of any Court-ordered examination of a defendant shall be released to the government at the Court's discretion, and only in the event that the jury reaches a verdict of guilty as to that defendant.

(e) Limitations on use of mental health examination results: No evidence obtained as a result of the examinations shall be introduced or used by the government until a defendant has opened the door to such use, and the Court has made an determination on the admissibility of such evidence in accordance with 28 U.S.C. sec. 848(j).[4]

(f) Consequences of noncompliance: Failure of any defendant to provide notice or participate in a Court-ordered examination may result in forfeiture of the right to present mental health testimony at trial.

IT IS SO ORDERED.

---

3. Doc. 289, dated 3/17/94.

4. Although the Federal Rules of Evidence do not generally apply to sentencing procedures, the Court may nonetheless exclude certain information "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." 28 U.S.C. sec. 848(j).