**UNITED STATES of America, Plaintiff,**

v.

**Richard HAWORTH, et al., Defendants.**

**Criminal No. 95–0491 LH.**

United States District Court,
D. New Mexico.

June 7, 1996.

Elizabeth Martinez and Robert Kimball, U.S. Attorney's Office, District of New Mexico, Albuquerque, NM, for Plaintiff.

Michael V. Davis, Marc H. Robert, Billy R. Blackburn, Paul J. Kennedy, Peter Schoenburg, Serapio L. Jaramillo, Floyd W. Lopez, Edward O. Bustamante, Roberto Albertorio, E. Justin Pennington, Albuquerque, NM, for Defendants.

## ORDER GRANTING GOVERNMENT'S MOTION FOR NOTICE OF INTENT TO INTRODUCE EXPERT TESTIMONY OF CAPITAL DEFENDANTS' MENTAL CONDITION

HANSEN, District Judge.

**THIS MATTER** comes before the Court on the Government's Motion for Notice of Intent to Introduce Expert Testimony of Capital Defendants' Mental Condition, and for Court–Ordered Examination on Receipt of Notice (Docket No. 342). Having considered the parties' memoranda and oral arguments, the Court finds that the motion is well taken and will be granted.

■ The Government anticipates that death-eligible defendants, Richard Haworth and Everett Spivey, if they are convicted, may introduce mitigation expert testimony regarding their mental condition during the penalty phase of trial. The Government argues that its only means of rebutting this evidence is by way of its own expert's mental examination of these defendants. Defendants respond by arguing that there is no statutory or other authority permitting the court to order an independent mental examination for the penalty phase of trial, and that such an independent examination may violate their Fifth Amendment privilege against self-incrimination.

Although Defendants are correct that there is no statute or rule expressly permitting a court to order an independent psychological examination for the government's use in rebuttal in the penalty phase, the applicable statutes provide indirect support for the Government's request in this case. Pursuant to 21 U.S.C. § 848(m), the defendant may introduce evidence of any mitigating factor, including the significant impairment of the defendant's capacity to appreciate the wrongfulness of his conduct. Such evidence would most likely be presented by an expert in psychology or psychiatry. The same statute, 21 U.S.C. § 848(j), states that the government is entitled to rebut "any information received at the hearing and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any of the ... mitigating

factors[.]" The Government's ability to rebut a defendant's evidence of mental condition would be sharply curtailed if it is not allowed to have the defendant examined by an independent mental health professional.

Defendant Haworth argued at the April 15, 1996, hearing that the Government may adequately rebut any expert's testimony if the Government has access to the defense expert's report. Thus, the Government's own expert may critique the defense expert's methods and conclusions without resort to an independent examination. The Court disagrees. Psychiatry is far from an exact science because it does not rely primarily on the analysis of raw data. Instead, "[t]he basic tool of psychiatric study remains the personal interview, which requires rapport between the interviewer and the subject." *Rollerson v. United States,* 343 F.2d 269, 274 (D.C.Cir.1964). The Government's expert cannot meaningfully address the defense expert's conclusions unless the Government's expert is given similar access to the "basic tool" of his or her area of expertise: an independent interview with and examination of the defendant.

■ A court-ordered independent mental examination does not chill the defendants' virtually unfettered right to present any evidence in mitigation during the sentencing phase, as Defendants argue. Spivey's Opposition to Government's Motion for Notice of Intent to Introduce Expert Testimony of Capital Defendants' Mental Condition and For Court Ordered Mental Examination on Receipt of Such Notice ("Spivey's Opposition") at 5–6. Defendants continue to have free rein during the punishment trial. However, if a defendant elects to present evidence of his mental condition as a reason why he should not be sentenced to death, the Government "must be able to follow where he has led" and introduce its own countervailing evidence. *United States v. Byers,* 740 F.2d 1104, 1113 (D.C.Cir.1984).

Defendants further argue that a court-ordered independent psychological examination will infringe on their Fifth Amendment privilege against compelled self-incrimination, citing *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). Spivey's

Opposition at 8–9. However, the circumstance condemned in *Estelle* does not exist in the present case. In *Estelle,* during the capital penalty trial, the state introduced a psychiatrist's testimony that the defendant would be a continuing threat to society, evidence necessary to the imposition of the death penalty in Texas. *Id.* at 458–59, 101 S.Ct. at 1870–71. The constitutional difficulty arose because the evidence relied on by the psychiatrist came directly from the psychiatrist's pretrial examination of the defendant which had been ordered for the sole purpose of determining the defendant's competency to stand trial. *Id.* The Court held that the introduction of this evidence at the penalty trial violated the defendant's Fifth Amendment privilege against compelled self-incrimination, stating, "A criminal defendant, who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence, may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding." *Id.* at 468, 101 S.Ct. at 1876.

■ The present circumstances may be distinguished from the situation in *Estelle.* The Government will not be entitled to a court-ordered independent mental examination unless and until the Defendants give notice that they intend to introduce psychiatric evidence at the penalty phase. In addition, the Government will not be permitted to introduce evidence obtained in the course of the independent psychiatric examination unless and until Defendants themselves introduce psychiatric testimony. To refuse the Government this opportunity to rebut Defendants' evidence would be analogous to refusing the government the chance to cross-examine a defendant after he has testified in his own behalf. As the Supreme Court said in *Brown v. United States,* 356 U.S. 148, 155–56, 78 S.Ct. 622, 627, 2 L.Ed.2d 589 (1958), "[t]he interests of the other party and regard for the function of courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination." Nevertheless, the Court is mindful that the independent examination sought by the Government has the potential

for treading on the Defendants' Fifth Amendment rights, and the Court will, therefore, impose strict limitations on the examination procedure employed. *See, e.g.,* W.S. White, *Government Psychiatric Examinations and the Death Penalty,* 37 ARIZ.L.REV. 869 (1995).

The Court is aware that the timing of the court-ordered examination may be critical, both to the defense and the Government. In order for the defendants to prepare to meet the court-appointed expert's testimony, the expert's report should be made available to the defendants before the penalty phase, if any, begins. However, on the record before it, the Court is unable to anticipate how much time the Government will need to arrange for the court-ordered examination or how much time the defendants will need for evaluation of the expert's report. Therefore, if the defendants give notice of their intent to introduce a mental health expert's testimony at the penalty trial, the Court will ask the parties to submit their recommendations regarding the timing of the court-ordered examination, as well as the safeguards to be employed to protect the defendants' rights.

**IT IS, THEREFORE, ORDERED** that by August 1, 1996, Defendants Haworth and Spivey will file notice indicating whether they do or do not intend to introduce expert testimony at the penalty phase regarding their respective mental conditions. If either or both defendants intend to introduce such testimony, they will include in their notice the name and qualifications of the expert or experts they intend to call and a brief summary of each expert's conclusions; whereupon

1. The Court will require the parties to submit their recommendations regarding the expert to be appointed, the timing of the examination, and the safeguards to be implemented in the completion of the examination;

2. The Court will order an independent examination by a psychiatrist or psychologist;

3. The results of the court-ordered examination and any examination initiated by Defendants Haworth and Spivey will be filed under seal with the Court, and neither party will discuss the court-ordered examination with the court-appointed mental health professional;

4. If the jury reaches a verdict of guilty with respect to the capital crimes charged against either Defendant Haworth or Defendant Spivey, the results of any court-ordered examination will be released to the affected defendant and to the Government at the Court's discretion with respect to that defendant;

5. The Court will not permit the Government to introduce at the penalty phase any evidence obtained as a result of any court-ordered examination until the defendant who is the subject of the examination introduces evidence of his mental condition, and the Court, as it deems necessary, will impose additional limitations on the evidentiary use of the court-ordered examination; and,

6. If a defendant fails to provide notice or fails to participate in a court-ordered mental examination, that defendant may forfeit his right to introduce evidence of his mental condition at the penalty phase.